THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEBRA MARRERO,<br>    *Plaintiff*,<br><br>v.<br><br>TEXAS DISPOSAL SYSTEMS, INC.<br>    *Defendant*. | Civil Action No. 1:23-CV-1318 |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, DEBRA MARRERO, by and through her undersigned counsel, hereby files this Complaint against Defendant, TEXAS DISPOSAL SYSTEMS, INC., for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("TITLE VII"), the Americans with Disabilities Act, as amended, ("ADA"), the Family Medical Leave Act, 29 U.S.C. 2601, *et seq.*, ("FMLA"), and the Texas Labor Code Chapter 21, *et seq.* ("TCHRA"). In support of her causes of action, Plaintiff states the following:

**I.
PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, DEBRA MARRERO (hereinafter referred to as "Plaintiff"), is an individual who resides in Travis County, Texas.

2. Defendant, TEXAS DISPOSAL SYSTEMS, INC., is a domestic for profit corporation formed and existing under the laws of the State of Texas.

3. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 USC §§ 1331, 1376.

4. Defendant, TEXAS DISPOSAL SYSTEMS, INC. (hereinafter referred to as "Defendant"), maintains it principal offices and conducts business in Travis County, Texas. Thus, venue is proper pursuant to 28 U.S.C. § 1391.

## II.
## FACTS

5. Plaintiff began working for Defendant in 2019 as a Safety Officer. She was a productive employee with no disciplinary history.

6. Plaintiff, a female, belongs to a class protected under TITLE VII and the TCHRA.

7. Since 2019, Walter Black ("Black"), Defendant's Director Safety and Plaintiff's direct supervisor, sexually harassed Plaintiff.

8. As an example, in November 2019, on a trip to Sealy, TX, Black described a sexual game he plays with his wife to Plaintiff, and invited Plaintiff and her husband to join them. David McNeely, an employee of Defendant witnessed this conversation.

9. In October 2020, Plaintiff earned a promotion to Safety Learning and Development Manager.

10. Further, in early November 2020, Black referred to Plaintiff as a "whore" and stated that Plaintiff's daughter was destined to be a "stripper and hooker" because Plaintiff was naming her Alexa Rayne. Lucas Martinez, Safety Manager, witnessed this conversation and complained to Human Resources ("HR").

11. Following these discriminatory and sexually harassing comments, Plaintiff complained to HR Director, Janice Brewster Martinez ("Martinez").

12. On or around November 16, 2020, Black called Plaintiff, Lisle Ford, Senior Smith System Instructor, and Calvin Cunningham ("Cunningham"), Smith Systems Facilitator, into his office. Black announced that he no longer wanted Cunningham facilitating trainings. Black stated

that he did not want Cunningham facilitating in front of the classroom because "nobody can understand him." Cunningham speaks with a tracheostomy tube due to his battle with cancer.

13. On January 21, 2021, Cunningham indicated to Plaintiff that he was going to facilitate the class the following day. Plaintiff told him he could not facilitate as per Black's instruction, but told him to file a complaint with HR regarding the discriminatory comments of Black.

14. On January 25, 2021, Plaintiff met with Martinez, Black, Cunningham, and Sarah Adams ("Adams"), Benefits Coordinator, and reported the discriminatory comments of Black, specifically that Black did not want Cunningham facilitating training because of his tracheostomy tube. A discussion occurred regarding Cunningham's protected class as an employee with a disability.

15. Two days later, Plaintiff sent an email to Martinez proposing a solution to Black's discriminatory treatment of Cunningham.

16. On January 28, 2021, Martinez called Plaintiff into a meeting with her, Black, Adams, and Sarah Jones, Attorney for Defendant. In this meeting, Martinez firmly instructed Plaintiff not to send emails regarding Black and Cunningham because Cunningham is in a protected class and everything written is potentially "discoverable." Martinez stated that Black would have to allow Cunningham to facilitate trainings.

17. During this meeting, seemingly out of the blue, Martinez began critiquing Plaintiff's job performance. Martinez said that Black reported that Plaintiff "hadn't done anything" in Plaintiff's new Safety Learning & Development Manager role. Plaintiff defended her performance explaining her extensive accomplishments. Adams confirmed that her notes reflected

that Black stated Plaintiff had done "nothing" in her role. These statements by Black were false and clearly retaliatory for Plaintiff's protected activities.

18. Following this meeting, Black's retaliation against Plaintiff continued. Specifically, Black stopped Plaintiff from putting training programs together (despite this being the bulk of her job duties), ignored Plaintiff's attempts to brin the company into compliance with safety regulations (e.g. Fall Protection, Ready-Mix Operator Safety Training, Pneumatic Trailer Operator Safety Training, Pressure Tank Safety, Driver Coach Program), required Plaintiff to copy Black on all emails she sent, and excluded Plaintiff from emails and meetings regarding training programs.

19. In March 2021, Plaintiff applied for an open Senior Training and Compliance Manager position. Eli Garza, Director of Maintenance, encouraged Plaintiff to apply to this position in his department, in light of Plaintiff's strong qualifications regarding compliance training and analysis she had previously performed for him. However, Defendant failed to promote Plaintiff due to Martinez's and Black's objections.

20. On May 25, 2021, Plaintiff filed Charge No. 451-2021-02004 ("First Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") and Texas Human Relations Commission.

21. In the First Charge, Plaintiff alleged discrimination on the basis of sex and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Texas Commission on Human Rights Act. Plaintiff alleged Defendant failed to promote her as outlined above.

22.     In July 2021, Black stated that he "will never hire another woman again." This was witnessed by Lucas Martinez, Safety Manager. Lucas Martinez shared this information with multiple employees, including Shane Schmidt, Security Guard.

23.     Following Plaintiff's First Charge, Black continued his retaliatory efforts to prevent Plaintiff from performing her primary job duties. Additional examples of Black not allowing Plaintiff to conduct pertinent functions within her role include Safety Communications, the Driver Coach Program, and refusing to allow Plaintiff to hire her direct reports per Defendant's policy.

24.     On October 10, 2021, Plaintiff broke her foot. Plaintiff's doctor placed her on a restriction from driving. Plaintiff was capable of performing all of her essential job duties from home.

25.     Defendant refused to allow Plaintiff to work with an accommodation of telecommuting. Defendant had allowed other similarly situated employees to work remotely.

26.     On November 29, 2021, Plaintiff filed FMLA paperwork with Defendant.

27.     On November 30, 2021, Defendant terminated Plaintiff providing no reason to Plaintiff for her termination.

28.     On January 27, 2022, Plaintiff filed Charge No. 451-2022-01927 ("Second Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") and Texas Human Relations Commission.

29.     In the Second Charge, Plaintiff alleged discrimination on the basis of sex and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, discrimination on the basis of disability and retaliation in violation of the Americans with Disabilities Act, as amended, and the Texas Commission on Human Rights Act.

30. On May 25, 2023, the U.S. EEOC issued a right sue letter for the First Charge No. 451-2021-02004.

31. On August 1, 2023, the U.S. EEOC issued a right to sue letter for the Second Charge No. 451-2022-01927.

## III.
## CAUSES OF ACTION

### Count 1: Title VII Sex Discrimination

32. Plaintiff incorporates all statements of fact into her first cause of action as if repeated verbatim.

33. Title VII prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

34. Defendant is an employer within the meaning of TITLE VII.

35. Plaintiff was an employee within the meaning of TITLE VII at all times relevant to her Complaint.

36. Plaintiff was subjected to unwelcome harassment that was based upon her sex.

37. The harassment affected a term, condition, or privilege of Plaintiff's employment.

38. Defendant knew or should have known of the harassment and failed to take remedial action.

39. A causal connection exists between the protected activity and the adverse actions: denial of promotion and/or termination of Plaintiff's employment.

40. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

### Count 2: TCHRA Sex Discrimination

41. Plaintiff incorporates paragraphs all statements of fact into her second cause of action as if repeated verbatim.

42. The TCHRA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

43. Defendant is an employer within the meaning of the TCHRA.

44. Plaintiff was an employee within the meaning of the TCHRA at all times relevant to her Complaint.

45. Plaintiff was subjected to unwelcome harassment that was based upon her sex.

46. The harassment affected a term, condition, or privilege of Plaintiff's employment.

47. Defendant knew or should have known of the harassment and failed to take remedial action.

48. A causal connection exists between the protected activity and the adverse actions: denial of promotion and/or termination of Plaintiff's employment.

49. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

### Count 3: TITLE VII Retaliation Sex Discrimination

50. Plaintiff incorporates all statements of fact into her third cause of action as if repeated verbatim.

51. TITLE VII prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

52. Defendant is an employer within the meaning of TITLE VII.

53. Plaintiff was an employee within the meaning of TITLE VII at all times relevant to her Complaint.

54. Plaintiff participated in an activity protected under TITLE VII when she complained to Defendant about the harassment to which she was being subjected.

55. Defendant took an adverse employment action against Plaintiff because she participated in protected activity under TITLE VII.

56. A causal connection exists between the protected activity and the adverse action: denial of promotion and/or termination of Plaintiff's employment.

57. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

### Count 4: TCHRA Retaliation Sex Discrimination

58. Plaintiff incorporates all statements of fact into her fourth cause of action as if repeated verbatim.

59. The TCHRA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's sex.

60. Defendant is an employer within the meaning of the TCHRA.

61. Plaintiff was an employee within the meaning of TCHRA at all times relevant to her Complaint.

62. Plaintiff participated in an activity protected under TCHRA when she complained to Defendant about the harassment to which she was being subjected.

63. Defendant took an adverse employment action against Plaintiff because she participated in protected activity under the TCHRA.

64. A causal connection exists between the protected activity and the adverse actions: denial of promotion and/or termination of Plaintiff's employment.

65. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

### Count 5: ADA Retaliation – Participation in Investigation

66. Plaintiff incorporates all statements of fact into her fifth cause of action as if repeated verbatim.

67. ADA prohibits discrimination on the basis of disability in employment.

68. Defendant is an employer within the meaning of ADA.

69. Plaintiff was an employee within the meaning of ADA.

70. ADA prohibits retaliation against employees who oppose or report employment practices made unlawful thereunder.

71. Plaintiff engaged in protected activity under ADA by making an internal disability discrimination complaint, opposing the foregoing discrimination in the workplace, and requesting the employer take corrective action. Plaintiff engaged in this activity in good faith.

72. Plaintiff suffered adverse employment actions as a result of her protected activity including, but not limited to, workplace hostility, denials of information to perform her job, refusals to allow her to perform her job duties, and the eventual termination of her employment.

73. A causal connection exists between Plaintiff's protected activity and Defendant's adverse employment actions, including the termination of Plaintiff's employment.

74. Defendant's unlawful retaliation caused Plaintiff economic and non-economic harm, as set forth below.

### Count 6: TCHRA Retaliation – Participation in Investigation

75. Plaintiff incorporates all statements of fact into her sixth cause of action as if repeated verbatim.

76. TCHRA prohibits discrimination on the basis of disability in employment.

77. Defendant is an employer within the meaning of TCHRA.

78. Plaintiff was an employee within the meaning of TCHRA.

79. TCHRA prohibits retaliation against employees who oppose or report employment practices made unlawful thereunder.

80. Plaintiff engaged in protected activity under TCHRA by making an internal disability discrimination complaint, opposing the foregoing discrimination in the workplace, and requesting the employer take corrective action. Plaintiff engaged in this activity in good faith.

81. Plaintiff suffered adverse employment actions as a result of her protected activity including, but not limited to, workplace hostility, denials of information to perform her job, refusals to allow her to perform her job duties, and the eventual termination of her employment.

82. A causal connection exists between Plaintiff's protected activity and Defendant's adverse employment actions, including the termination of Plaintiff's employment.

83. Defendant's unlawful retaliation caused Plaintiff economic and non-economic harm, as set forth below.

### Count 7: ADA Discrimination

84. Plaintiff incorporates all statements of fact into her seventh cause of action as if repeated verbatim.

85. ADA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's disability.

86. Defendant is an employer within the meaning of ADA.

87. Plaintiff was an employee within the meaning of ADA.

88. Plaintiff suffered a disability, broken foot, while employed by Defendant, and this injury is considered a disability under the ADA.

89. Defendant knew of the Plaintiff's disability or perceived it to be a disability.

90. A causal connection exists between the protected activity and the adverse action, termination of Plaintiff's employment.

91. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

### Count 8: TCHRA – Disability Discrimination

92. Plaintiff incorporates all statements of fact into her eighth cause of action as if repeated verbatim.

93. TCHRA prohibits discrimination against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's disability.

94. Defendant is an employer within the meaning of ADA.

95. Plaintiff was an employee within the meaning of ADA.

96. Plaintiff suffered a disability, broken foot, while employed by Defendant, and this injury is considered a disability under the TCHRA.

97. Defendant knew of Plaintiff's disability or perceived it to be a disability.

98. A causal connection exists between the protected activity and the adverse action, termination of Plaintiff's employment.

99. The unlawful practices committed by Defendant directly caused Plaintiff's damages, as set forth below.

### Count 9: ADA Retaliation – Reasonable Accommodation Request

100. Plaintiff incorporates all statements of fact into her ninth cause of action as if repeated verbatim.

101. ADA prohibits discrimination on the basis of disability in employment.

102. Defendant is an employer within the meaning of ADA.

103. Plaintiff was an employee within the meaning of ADA.

104. ADA prohibits retaliation against employees who request a reasonable accommodation.

105. Plaintiff engaged in protected activity under ADA by making a reasonable accommodation request of working remotely.

106. Plaintiff's request did not place an undue hardship on Defendant because Defendant had permitted other similarly situated employees to work remotely.

107. Plaintiff suffered adverse employment actions as a result of her protected activity.

108. A causal connection exists between Plaintiff's protected activity and Defendant's adverse employment actions, including the termination of Plaintiff's employment.

109. Defendant's unlawful retaliation caused Plaintiff economic and non-economic harm, as set forth below.

### Count 10: TCHRA Retaliation Based on Disability

110. Plaintiff incorporates all statements of fact into her tenth cause of action as if repeated verbatim.

111. TCHRA prohibits discrimination on the basis of disability in employment.

112. Defendant is an employer within the meaning of TCHRA.

113. Plaintiff was an employee within the meaning of TCHRA.

114. TCHRA prohibits retaliation against employees who request a reasonable accommodation.

115. Plaintiff engaged in protected activity under TCHRA by making a reasonable accommodation request of working remotely.

116. Plaintiff's request did not place an undue hardship on Defendant because Defendant had permitted other similarly situated employees to work remotely.

117. Plaintiff suffered adverse employment actions as a result of her protected activity.

118. A causal connection exists between Plaintiff's protected activity and Defendant's adverse employment actions, including the termination of Plaintiff's employment.

119. Defendant's unlawful retaliation caused Plaintiff economic and non-economic harm, as set forth below.

### Count 11: FMLA Interference

120. Plaintiff incorporates all statements of fact into her eleventh cause of action as if repeated verbatim.

121. FMLA prohibits an employer from preventing an employee from exercising her rights under the FMLA.

122. Defendant is an employer within the meaning of FMLA.

123. Plaintiff was an employee within the meaning of FMLA, and was eligible for FMLA leave.

124. Plaintiff was entitled to take FMLA leave.

125. Plaintiff gave notice of her intention to take FMLA leave.

126. Plaintiff suffered an adverse employment action as a result of her FMLA request.

127. A causal connection exists between Plaintiff's FMLA leave request and Defendant's adverse employment actions, including the termination of Plaintiff's employment.

128. Defendant's unlawful interference caused Plaintiff economic and non-economic harm, as set forth below.

### Count 12: FMLA Retaliation

129. Plaintiff incorporates all statements of fact into her twelfth cause of action as if repeated verbatim.

130. FMLA prohibits an employer from retaliating against an employee for exercising her rights under the FMLA.

131. Defendant is an employer within the meaning of FMLA.

132. Plaintiff was an employee within the meaning of FMLA, and was eligible for FMLA leave.

133. Plaintiff was entitled to take FMLA leave.

134. Plaintiff gave notice of her intention to take FMLA leave.

135. Plaintiff suffered an adverse employment action as a result of her FMLA request.

136. A causal connection exists between Plaintiff's FMLA leave request and Defendant's adverse employment actions, including the termination of Plaintiff's employment.

137. Defendant's unlawful retaliation caused Plaintiff economic and non-economic harm, as set forth below.

## IV.
## DAMAGES

138. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic damages, including past and future lost income, interest on back and front pay, job search

expenses, and other consequential and incidental financial damages pursuant to Title VII, ADA, FMLA, and TCHRA statutes.

139. As a result of Defendant's unlawful conduct, Plaintiff has suffered non-economic damages, including pain and suffering.

140. Defendant's discriminatory and/or retaliatory actions against Plaintiff were made intentionally and/or with reckless disregard to her rights under Title VII, ADA, FMLA, and the TCHRA.

141. Defendant's oppressive and/or reckless and malicious conduct calls for the imposition of damages in an amount sufficient to deter Defendant from engaging in such acts of discrimination in the future in the form of:

(a) Punitive damages pursuant to Title VII;

(b) Punitive damages pursuant to ADA;

(c) Liquidated damages pursuant to FMLA; and/or

(d) Compensatory and punitive damages pursuant to Texas Labor Code § 21.2585.

## V.
## ATTORNEYS' FEES

142. A prevailing party may recover reasonable attorneys' and experts' fees under the Title VII, ADA, FMLA, and TCHRA.

143. Plaintiff seeks all reasonable and necessary attorneys' fees and expert witness fees in this case from Defendant.

144. Plaintiff additionally seeks recovery of all costs associated with the prosecution of this action.

## VI.
## JURY DEMAND

145. Plaintiff demands a trial by jury of all the issues and facts in this case.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendant be cited to appear;

2. The Court award Plaintiff economic damages, as specified above;

3. The Court award Plaintiff compensatory, punitive, and/or liquidated damages, as specified above;

4. The Court award Plaintiff the equitable remedy of reinstatement or, in the alternative, front pay;

5. The Court award Plaintiff her reasonable attorneys' and expert fees and costs;

6. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed; and,

7. The Court award Plaintiff any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

*/s/ Nathan E. Inurria*
Nathan E. Inurria
State Bar No. 24101953
Daniel B. Ross
State Bar No. 00789810
ROSS • SCALISE LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
Telephone: (512) 474-7677
Facsimile: (512) 474-5306
nathan@rosslawgroup.com
dan@rosslawgroup.com
**ATTORNEYS FOR PLAINTIFF**